IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HERMES SPORTS & EVENTS, INC., | Civil Action No. |
| *Plaintiff*, | |
| v. | JUDGE: _____ |
| COMMUNITY OF ST. MALACHI (D/B/A ST. MALACHI PARISH), | MAGISTRATE JUDGE: _____ |
| SECOND SOLE OF YOUNGSTOWN, INC. (D/B/A SECOND SOLE), and | **JURY TRIAL DEMANDED** |
| SECOND SOLE MENTOR, LLC (D/B/A GREATER CLEVELAND XC LLC), | |
| *Defendants*. | |

## COMPLAINT

Plaintiff Hermes Sports & Events, Inc., ("Hermes Sports"), files this Complaint for injunctive and other relief arising from trademark infringement under the Lanham Act by Community of St. Malachi (d/b/a St. Malachi Parish), Second Sole of Youngstown, Inc. (d/b/a Second Sole), and Second Sole Mentor, LLC (d/b/a Greater Cleveland XC LLC).

## PARTIES

1.  Plaintiff Hermes Sports is an Ohio corporation with its principal place of business located at 2425 W. 11th Street, Suite 2, Cleveland, OH 44113.

2.  Defendant Community of St. Malachi (d/b/a St. Malachi Parish) is an Ohio corporation with its principal place of business located at 2459 Washington Ave., Cleveland, OH 44113. Community of St. Malachi is responsible for organizing events and

1

promoting content that each generate revenue, including events and content that infringe Hermes Sports's trademarks.

3. Defendant Second Sole of Youngstown, Inc. (d/b/a Second Sole) is an Ohio corporation with its principal place of business located at 755 Boardman-Canfield Rd, Youngstown, OH 44512.  On information and belief, Second Sole of Youngstown, Inc. is responsible for organizing events and promoting content that each generate revenue, including events and content that infringe Hermes Sports's trademarks.

4. Defendant Second Sole Mentor, LLC (d/b/a Greater Cleveland XC LLC) is an Ohio corporation with its principal place of business located at 8791 Mentor Ave., Mentor, OH 44060.  On information and belief, Second Sole Mentor, LLC is responsible for organizing events and promoting content that each generate revenue, including events and content that infringe Hermes Sports's trademarks.

5. Defendants each have a physical presence within this judicial district, transact business within the State of Ohio and within this judicial district, and have committed acts that constitute trademark infringement within the State of Ohio and this judicial district.  Such business includes, without limitation, Defendants' operation of a website on the World Wide Web of the Internet, located at the domain name <jpdtest> in the .com top-level domain, available at <http://www.jpdtest.com>.  This website is published, publicly available, and can be accessed by users, customers, and potential customers of the Defendants both within this judicial district and outside of this judicial district.  The website also promotes the sale of Defendants' race-related products and services within this judicial district.

**JURISDICTION AND VENUE**

6. This is a civil action for trademark infringement arising under the Acts of Congress relating to trademarks, namely Section 43(a) of the Lanham Act as codified at 15 U.S.C. § 1125.

7. This Court has subject matter jurisdiction over this action because it arises under the laws of the United States as provided by 28 U.S.C. § 1331.  This Court additionally or alternatively has subject matter jurisdiction over this action because it arises under an Act of Congress relating to trademarks as provided by 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants physically reside in this judicial district and have minimum contacts with this forum as a result of business regularly conducted within the State of Ohio and within this judicial district, and specifically as a result of, at least, committing the tort of trademark infringement within the State of Ohio and within this judicial district.

9. Venue is proper in this Court under 28 U.S.C. § 1391 based on the information and belief that the Defendants physically reside in this judicial district and have committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this judicial district.  Accordingly, venue is proper in this Court because a substantial part of the events and acts giving rise to these claims occurred within this district within the meaning of 28 U.S.C. § 1391.

**FACTUAL BACKGROUND AND ALLEGATIONS**

10. Plaintiff Hermes Sports was founded in 1981 and over its thirty six years of continual business operation has built a reputation as one of Ohio's, and more particularly

Northeast Ohio's and the Greater Cleveland and Columbus areas', premier race management group.

11. For example, throughout the Greater Cleveland and Columbus areas, Hermes Sports has produced and managed programs on behalf of the Cleveland Indians, the Cleveland Cavaliers, the Cleveland Browns, FOX Sports Net, and the Susan G. Komen Race for the Cure in Cleveland, as well as other numerous large-scale events across the country.

12. In 1981, representatives of Defendant Community of St. Malachi asked Hermes Sports to organize and facilitate a race that would allow members of the Greater Cleveland area to run and walk in support of the Defendant Community. Hermes Sports created a race event which debuted in 1981 and has been held by Hermes Sports annually ever since.

13. Hermes Sports has consistently used the name ST. MALACHI in combination with its annual race event. The name ST. MALACHI has been used in combination with descriptive road race terms such as "5K," "5 mile," "Run," and "Race." Most recently, Hermes Sports has used the name ST. MALACHI in combination with the phrase "Church Run."

14. Since that time, through Hermes Sports's extensive and exhaustive efforts organizing, promoting, hosting, and facilitating the St. Malachi race event, the event has grown by leaps and bounds from a few hundred runners at its inception to more than 4,500 runners in the 2017 event. Participants traveled to Cleveland from all over the State of Ohio, as well as from numerous other states including Pennsylvania, Indiana, Maryland, Michigan, and Washington D.C., in the 2017 event *alone*.

15. Furthermore, since 1981, Hermes Sports has continuously and exclusively used the ST. MALACHI name as its trademark and service mark to identify this event and to identify Hermes Sports as the source of the services behind the event.

16. Also since 1981, Hermes Sports has organized, promoted, hosted, and facilitated the ST. MALACHI race event without any oversight, input, or control from any of the Defendants.

17. Hermes Sports has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the ST. MALACHI race event and the *St. Malachi*, *St. Malachi Run*, and *St. Malachi Church Run* marks used by Hermes Sports in connection with the event.  As a result, race-related products and services bearing the *St. Malachi*, *St. Malachi Run*, and *St. Malachi Church Run* marks are widely recognized by customers, the public, and the industry as being high-quality products and services sourced exclusively from Hermes Sports.

18. Furthermore, by way of its extensive sales and the excellent quality of its goods, Hermes Sports has built up and now enjoys tremendous and valuable goodwill in its business, as represented by, but not limited to, these marks.

19. Additionally, Hermes Sports advertises and sells its *St. Malachi*-, *St. Malachi Run*-, and *St. Malachi Church Run*-branded goods and services in various channels, including through its own website on the World Wide Web of the Internet, located at the domain name <hermescleveland> in the .com top-level domain, available at <http://www.hermescleveland.com/roadracing/Malachi/> and through various promotional materials distributed across the United States.

20. In short, Hermes Sports *alone* has been marketing and selling race entry, race services, and race-related accessories under the *St. Malachi*, *St. Malachi Run*, and *St. Malachi Church Run* marks since 1981, all of which have affected commerce by attracting runners from all over the country, including the states of Ohio, Pennsylvania, Indiana, Maryland,

Michigan, and Washington D.C., in the 2017 event as well as in past events.

21. Since 1981, Defendants' roles and involvement in the ST. MALACHI race event have been simple: Defendants Second Sole of Youngstown, Inc. and Second Sole Mentor, LLC have had none, and Defendant Community of St. Malachi has received a donation from Hermes Sports after the event.

22. From 1981 to date Hermes Sports *alone* has directed any and all use of the term ST. MALACHI in connection with race-related goods and services, including, but not limited to, its vast promotion and fostering of *St. Malachi Church Run*- and *St. Malachi Run*-branded goods and services—all without any input or oversight from Defendant Community of St. Malachi.

23. Thus, Hermes Sports *alone* has accrued a trademark property interest under federal law and the laws of the State of Ohio for the use of the term ST. MALACHI in connection with race-related goods and services—including, but not limited to its *St. Malachi Church Run*- and *St. Malachi Run*-branded goods and services.  By way of its extensive sales and the excellent quality of its services and goods, Hermes Sports has built up and now enjoys tremendous and valuable goodwill in its business, as represented by these trademarks.

24. On June 12, 2017, counsel for Defendant Community of St. Malachi sent representatives for Hermes Sports a letter stating: "[Hermes Sports's] statement that Hermes Sports owns the 'St. Malachi' name for the parish's annual run is incorrect[,] St. Malachi Parish owns the rights to the St. Malachi name and the trademark rights to the phrases *St. Malachi Run* and *St. Malachi Church Run*."  See Exhibit A, which is incorporated by reference.

25. In the same letter, counsel for Defendant Community of St. Malachi further stated: "St. Malachi Parish believes that it can raise more funding for the parish and its mission

with a different run organizer." The letter further purported to terminate any permission for Hermes Sports to use the name ST. MALACHI despite the fact that Hermes Sports is the sole and lawful owner of the marks *St. Malachi*, *St. Malachi Church Run*, and *St. Malachi Run* in connection with road race events.  *See id.*

### INFRINGING ACTS

26. Defendant Community of St. Malachi has begun undertaking extensive efforts to organize a race not affiliated with Hermes Sports using the term ST. MALACHI in connection with race-related goods and services.

27. Defendant Community of St. Malachi has colluded with Defendants Second Sole of Youngstown, Inc. (d/b/a Second Sole), and Second Sole Mentor, LLC to organize, promote, and market such races, currently captioned: "The St. Malachi Church 5 Miler, 1 Mile Walk & Kids Run."

28. For example, on information and belief, Defendants have recently launched a website to promote, market, and provide details for such races. This website is on the World Wide Web of the Internet, located at the domain name <jpdtest> in the .com top-level domain, available at <http://www.jpdtest.com>. A copy of the contents currently displayed on this website is attached as Exhibit B and is incorporated by reference. This website is published and is freely available to any user of the World Wide Web who cares to access it, including search engines and other indexing services. Further, the Defendants' website lacks any technological means controlling or preventing access by members of the public. Although the site uses an access control file located at <http://www.jpdtest.com/robots.txt>, that file is not configured to prevent public access by individuals using web browsers or by search engines,

7

among others. To the contrary, the file is configured to permit relatively free and open access. A copy of the robots.txt file is attached as Exhibit C and is incorporated by reference.

29. On information and belief, Defendants Community of St. Malachi, Second Sole of Youngstown, Inc. and Second Sole Mentor, LLC have not taken any measures to ensure that the general consuming public is not deceived or confused by the origin of the website, or the race-related good or services it promotes in connection with the ST. MALACHI race brand, *St. Malachi Church Run* and *St. Malachi Run*, or any colorable imitation thereof, including the prominently displayed logo for the new races:



as well as the invitation to "Join *us* Saturday, March 10th, 2018 *for the 38th year in a row*!" *See* Exhibit B (emphasis added). This infringing content, both the Defendants' infringing marks and the direct inference that this is the same race that Hermes Sports has run for almost four decades, harms Hermes Sports's trademarks and business reputation.

30. Because Defendants' promotional website does not require a password to view its content, it is readily accessible and publicly available for the general consuming public.

31. Because Defendants have not taken any measures to ensure that their promotional website (or the infringing content thereon) is protected from Internet search engines and/or search crawlers or robots, the practical effect is that nothing prevents search engines from

8

finding the website and promoting the infringing content on the website.  For example, a simple search of the phrase "The St. Malachi Church 5 Miler, 1 Mile Walk & Kids Run" using a search engine provided by Google guides users directly to Defendants' promotional website:



Thus, Defendants' prominently displayed infringing content is publicly available for, and even promoted to, the general consuming public.

32. On information and belief, Defendants have taken further concrete steps to promote a competing race using an infringing mark by recently applying for a permit from the City of Cleveland Department of Public Works, Office of Special Events & Marketing in a wrongful attempt to disrupt the ability of Hermes Sports to run its event.

33. Finally, to date, Defendants have never paid any royalties or fees to Hermes Sports for their use of Hermes Sports's trademarks, nor have they ever even asked for or obtained consent to use such marks.

## COUNT I
## TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN
## IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

34. Hermes Sports incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

35. Defendants' products and services and Hermes Sports's products and services are sold in and affect commerce.

36. Defendants' unauthorized use of Hermes Sports trademarks is likely to cause confusion or mistake and/or to deceive the relevant public, including consumers and potential consumers of the parties' respective goods, at least as to the affiliation, connection or association of Defendants with Hermes Sports, or as to the origin, sponsorship or approval of Defendants' goods and services by Hermes Sports.

37. Defendants have used and continue to use the Hermes Sports trademarks at least in part to deceive, mislead, and confuse the public into believing that Hermes Sports is and was the source of Defendants' products, or that Defendants' activities are affiliated with Hermes Sports, so as to trade on the substantial reputation and goodwill enjoyed by Hermes Sports in this industry.

38. The Defendants' conduct unjustly enriches Defendants at Hermes Sports's expense and is also likely to injure Hermes Sports's business reputation.

39. As a result, Hermes Sports has incurred and continues to incur damages including diminution in the value of and goodwill associated with its trademarks.

40. Thus, unless the acts of the Defendants are enjoined by this Court, they will continue to cause irreparable injury to Hermes Sports and the public, for which there is no other adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

A. Finding that Hermes Sports has the exclusive right to use the term ST. MALACHI in connection with St. Malachi-branded race-related goods and services, including, but not limited to, the marks *St. Malachi Church Run* and *St. Malachi Run*, as it has done continuously and exclusively for the past thirty seven years; and that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) by infringing Hermes Sports's trademark rights.

B. Issuing preliminary and permanent injunctions enjoining Defendants, their agents, servants, employees, attorneys, representatives, successors, and assigns and all persons, firms or corporations in active concert or participation with Defendants from:

   a. Using Hermes Sports's trademarks, or any mark confusingly similar to those trademarks, without the express authorization, license or consent from Hermes Sports, including, but not limited to, in connection with Defendants' promotional website or any race;

   b. Engaging in any conduct that tends to falsely represent or is likely to confuse, mislead, or deceive consumers, Defendants' customers, or other members of the public into believing that Defendants are connected with Hermes Sports, or that any race-related activities are sponsored, approved, or licensed by Hermes Sports or is in some way affiliated with Hermes Sports, including, but not limited to, further marketing and promoting these falsely-designated goods via Defendants' website;

c. Engaging in deceptive business practices concerning Hermes Sports's trademarks and competing unfairly with Hermes Sports; and

d. Interfering with or disrupting any existing or prospective relationships between Hermes Sports and its current or prospective customers.

C. Granting Hermes Sports any further relief that the Court deems to be just and proper.

## JURY TRIAL DEMANDED

Hermes Sports demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  July 18, 2017

/s/ Wayne M. Serra
Wayne M. Serra (OH 0074780)
  serra@mbhb.com

**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive, Suite 3200
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002


*Pending admission*

Jim M. McCarthy (IL 6225583)
  mccarthy@mbhb.com
George T. Lyons, III (IL 6324271)
  lyons@mbhb.com
David R. Grosby (IL 6323992)
  grosby@mbhb.com

**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive, Suite 3200
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

**Attorneys for Plaintiff,**
HERMES SPORTS & EVENTS, LLC